O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT HOBBS and | § | |
| MICHELLE HOBBS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4607 |
| | § | |
| HEB GROCERY COMPANY, LP, and | § | |
| NIKKI WHITEHEAD, Individually, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendants HEB Grocery Company, LP's and Nikki Whitehead's Motion to Dismiss, or Alternatively, Motion for a More Definite Statement (Document No. 3). After having carefully considered the motion, response, and the applicable law, the Court concludes as follows:

I. Background

Plaintiffs Vincent and Michelle Hobbs, who plead they are an African-American couple, bring this action against Defendants HEB Grocery Company, LP and Nikki Whitehead ("Whitehead"), the director of an HEB Pantry store located in League City, Texas ("HEB"), based on Whitehead's alleged abusive and racially discriminatory conduct toward Plaintiffs.

Plaintiffs plead that in July, 2004, they went shopping at HEB, where they purchased some $200 worth of groceries. While Plaintiffs were in the process of checking out, the HEB cashier informed Vincent Hobbs ("Hobbs"), whose purchases included a 12-pack of beer, that he (Hobbs) could purchase a case of beer instead of the 12-pack for only $2 more. Hobbs agreed, told the cashier to charge him for the case of beer, and went to exchange the 12-pack for the case. When Hobbs returned with the case, Whitehead allegedly detained Hobbs, grabbed him by the shirt, and began yelling at him and accusing him of stealing the beer. Although both Hobbs and the HEB cashier attempted to explain that Hobbs had paid for the beer, Whitehead allegedly persisted in her accusations. When Hobbs showed Whitehead his receipt and asked why she had grabbed him, Whitehead, who is Caucasian, allegedly replied: "I would not touch anything like you." Document No. 1 ¶ 9. Plaintiffs contend that Whitehead then ordered them to put away their groceries, leave the HEB, and never return. Plaintiffs took their groceries and left, but when Michelle Hobbs returned to ascertain Whitehead's name, Whitehead allegedly refused to reveal it and yelled for her to leave the store. Whitehead further warned that if Plaintiffs ever returned to the HEB she would file criminal trespass charges against them.

Following the incident, Plaintiffs filed assault charges against Whitehead, and Whitehead filed disorderly conduct and

trespass charges against Hobbs.  In this civil action, Plaintiffs assert claims against Defendants for malicious prosecution, false imprisonment, slander, intentional infliction of emotional distress, and violation of 42 U.S.C. § 1981.[1]  Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim, or alternatively, for a more definite statement.

## II.  Standard of Review

Defendants attack subject matter jurisdiction on the grounds that Plaintiffs fail to state § 1981 claim, which is the sole basis for federal jurisdiction over the instant case.[2]  Given that Defendants' arguments go principally to the merits of Plaintiffs' § 1981 claim, which does not appear to be immaterial or frivolous, the proper disposition of Defendants' motion to dismiss is under Rule 12(b)(6) rather than Rule 12(b)(1).  See Gonzalez v. Southern Pac. Transp. Co., 773 F.2d 637, 645 (5th Cir. 1985); Fellows v. Universal Rests. Inc., 701 F.2d 447, 449 (5th Cir. 1983).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task

---

[1] Plaintiffs also assert a claim for assault against Whitehead individually.

[2] It is uncontroverted that complete diversity is lacking.

is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  *See* id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  Dismissal of a claim is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 78 S. Ct. 99, 102 (1957).  "The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests."  Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint.  Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).  While a court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are

4

referred to in and central to the complaint.  *See* Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004); Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

### III.  Discussion

To sustain a § 1981 claim, a plaintiff must establish three elements: (1) that plaintiff is a member of a racial minority; (2) that the defendant had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute, such as the making and enforcing of a contract.  *See* Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 751 (5th Cir. 2001).  Moreover, "[t]o establish a deprivation of § 1981 rights in the retail context, the plaintiff must demonstrate 'the loss of an actual, not speculative or prospective, contract interest.'" Arguello v. Conoco, Inc., 330 F.3d 355, 358 (5th Cir. 2003)(quoting Morris, 277 F.3d at 751-52).

Being banned from a store is not in itself sufficient to support an action under § 1981.  *See* Morris, 277 F.3d at 752. Likewise, Plaintiff's allegation that Michelle Hobbs was ordered to leave the HEB when she returned to discern Whitehead's identity, even if true, will not sustain a § 1981 action.  *See* Arguello, 330 F.3d at 359 (explaining that store attendant's locking plaintiff out of store would not support § 1981 claim because plaintiff only intended to determine attendant's name).  Moreover, Plaintiffs

plead that the contract they made with HEB on the day in question--notwithstanding the ugly confrontation that ensued--was in fact performed when Mr. and Mrs. Hobbs "left the store and unloaded their groceries into their vehicle." Complaint, at 3. Plaintiffs do not allege that they ever tested the ban by making a "tangible attempt to contract with [HEB] during the course of the ban, which could give rise to a contractual duty between [Plaintiffs] and the merchant, and which was in some way thwarted." Morris, 277 F.3d at 752. Nor do Plaintiffs allege that they were otherwise denied the same right to make and enforce contracts as is enjoyed by white citizens. *See* 42 U.S.C. § 1981(a). It appears, therefore, that Plaintiffs have not alleged a § 1981 action upon which relief can be granted.

Plaintiffs in the alternative have requested leave to amend their Complaint. Given the vagueness inherent in Plaintiffs not having alleged whether Defendants' ban was ever tested and whether they were in fact denied the same right to make and enforce contracts as is enjoyed by white citizens, the Court finds that Plaintiffs should have the opportunity to file an amended complaint.[3]

---

[3] Whitehead asserts that she had no contractual relationship with Plaintiffs and is not subject to § 1981. The Fifth Circuit has not decided whether "'a § 1981 claim lies against an individual defendant not a party to the contract giving rise to a claim.'" Foley v. University of Houston Sys., 355 F.3d 333, 337 (5th Cir. 2003) (quoting Felton v. Polles, 315 F.3d 470, 480 (5th Cir. 2002)); *see* Bellows v. Amoco Oil Co., 118 F.3d 268, 274-75 (5th

IV.  Order

Based on the foregoing, it is

ORDERED that Defendants HEB Grocery Company, LP's and Nikki Whitehead's Motion to Dismiss, or Alternatively, Motion for a More Definite Statement (Document No. 3) is provisionally GRANTED, providing that Plaintiffs may file a more definite statement in the form of a First Amended Complaint within fourteen (14) days after the entry of this Order.  If Plaintiffs choose not to amend, then Defendants' Motion to Dismiss Plaintiffs' claim under 42 U.S.C. § 1981 will be finally granted, and the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action.

The clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 1st day of June, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

Cir. 1997).  This novel issue can better be considered after Plaintiffs amend, if they choose to do so, and then in the context of an evidentiary record on summary judgment or trial.